United States Bankruptcy Court for the:

__Middle__ District of __Pennsylvania__
(State)

Case number (*If known*): _____ Chapter __7__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | EUREKA RESOURCES, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 3 2 – 0 3 6 7 4 4 1 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 419 SECOND ST | 1800 BERING DRIVE |
| Number      Street | Number      Street |
| | SUITE 900 |
| | P.O. Box |
| WILLIAMSPORT    PA    17701 | HOUSTON      TX      77057 |
| City      State    ZIP Code | City      State    ZIP Code |
| | |
| LYCOMING | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number      Street |
| | |
| | City      State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | WWW.EUREKA-RESOURCES.COM |

Case 1:26-bk-02148-MJC    Doc 1    Filed 07/30/26    Entered 07/30/26 17:45:40    Desc
Main Document      Page 1 of 9

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding LLP)

❑ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   5    6    2    2

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☑ Chapter 7

❑ Chapter 9

❑ Chapter 11. *Check **all** that apply*:

    ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ❑ A plan is being filed with this petition.

    ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

❑ Yes.   District _____ When _____ Case number _____
                                   MM / DD / YYYY

            District _____ When _____ Case number _____
                                   MM / DD / YYYY

Case 1:26-bk-02148-MJC    Doc 1    Filed 07/30/26    Entered 07/30/26 17:45:40    Desc
Main Document     Page 2 of 9

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No

☐ Yes.  Debtor _____  Relationship _____

List all cases. If more than 1, attach a separate list.

District _____  When _____

                                           MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

            Number        Street

_____

City                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☑ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Case 1:26-bk-02148-MJC     Doc 1    Filed 07/30/26    Entered 07/30/26 17:45:40    Desc
Main Document     Page 3 of 9

| 15. **Estimated assets** | ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. **Estimated liabilities** | ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on　07 / 24 / 2026

　　　　　　　MM　 / DD / YYYY

✘ _____　　CHRISTOPHER J FRANTZ_____
　Signature of authorized representative of debtor　　Printed name

Title　AUTHORIZED REPRESENTATIVE_____

**18. Signature of attorney**

✘ */s/ Jeffrey M. Carbino*_____　Date　07/30/2026_____
　Signature of attorney for debtor　　　　　　　MM　 / DD / YYYY

Jeffrey M. Carbino_____
Printed name

Pierson Ferdinand LLP_____
Firm name

CSC Station, 112 S. French Street_____
Number　　　　Street

Wilmington_____　DE_____　19801_____
City　　　　　　　　　　　　　　　　　　　　State　　ZIP Code

302-485-0604_____　　jeffrey.carbino@pierferd.com_____
Contact phone　　　　　　　　　　　Email address

71614_____　PA_____
Bar number　　　　　　　　　　　　　　　　　　　State

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

EUREKA RESOURCES, LLC.

Debtor.

Chapter 7

Case No. _____

## STATEMENT OF CORPORATE OWNERSHIP

The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interest. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 7 case.

| Holder Name | Approximate Percentage of Equity Interest Held |
|---|---|
| HEP IV LLP | 54.26% |
| Haddington Ventures LLC | 10.62% |

WRITTEN CONSENT

OF

THE BOARD OF MANAGERS

OF

EUREKA RESOURCES, LLC

July 1, 2026

The undersigned, being the board of managers (the "Board") of Eureka Resources, LLC, a Delaware limited liability company (the "Company"), acting pursuant to the Company's Third Amended and Restated Limited Liability Company Agreement, do hereby consent to the adoption of the following resolutions, which shall be deemed approved and consented to in all respects as of the date hereof (the "Effective Date"). Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in that certain Third Amended and Restated Limited Liability Company Agreement of the Company, dated as of November 20, 2023 (as amended, restated, supplemented or otherwise modified from time to time, the "LLC Agreement").

**AUTHORIZATION OF CHAPTER 7 BANKRUPTCY FILING AND LIMITED-PURPOSE DESIGNATION OF COMPANY REPRESENTATIVE**

WHEREAS, the Board has determined that it is advisable and in the best interests of the Company, its creditors, and other parties in interest to commence a case under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Board has considered the need to designate a limited-purpose authorized representative of the Company to act on behalf of the Company in connection with such Chapter 7 case and all related proceedings;

WHEREAS, Chris Frantz has served as an authorized representative of the Company in connection with the winding up and dissolution of the Company and has had access to the Company's books, records, financial information, and operational information;

WHEREAS, the Board has determined that Chris Frantz is familiar with the Company's assets, liabilities, business operations, and prepetition transactions and is the person most knowledgeable regarding the Company's affairs, financial condition, assets, liabilities, records, and prepetition activities;

NOW, THEREFORE, BE IT RESOLVED, that the filing by the Company of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court having jurisdiction over the case (the "Chapter 7 Case") be, and hereby is, authorized, approved, and ratified in all respects;

RESOLVED FURTHER, that Chris Frantz be, and hereby is, designated, solely as a limited-purpose agent and representative of the Company, as the Company's authorized representative, custodian of records, and person most knowledgeable regarding the Company's affairs for purposes of the Chapter 7 Case and any related proceedings;

RESOLVED FURTHER, that the foregoing designation is a limited-purpose agency and representative designation only, and Chris Frantz is not appointed, reinstated, treated as, or deemed to be an officer, manager, employee, managing agent, or person in control of the Company for any purpose;

RESOLVED FURTHER, that Chris Frantz be, and hereby is, authorized and directed, in the name of and on behalf of the Company and in coordination with the Company's bankruptcy counsel, to execute and verify the voluntary petition commencing the Chapter 7 Case, together with any schedules of assets and liabilities, statements of financial affairs, lists, declarations, certifications, amendments, affidavits, and any other documents, pleadings, or papers required or appropriate in connection with the Chapter 7 Case, including any documents requiring execution under penalty of perjury, and to cause such documents, pleadings, or papers to be filed by the Company's bankruptcy counsel;

RESOLVED FURTHER, that Chris Frantz be, and hereby is, authorized and directed to appear, testify, provide information, and cooperate as the Company's designated representative at the meeting of creditors conducted pursuant to section 341(a) of the Bankruptcy Code and at any other examinations, hearings, meetings, interviews, Rule 2004 examinations, or proceedings in connection with the Chapter 7 Case;

RESOLVED FURTHER, that Chris Frantz be, and hereby is, authorized and directed to provide information and documents relating to the Company and its affairs to the chapter 7 trustee, the Office of the United States Trustee, the Bankruptcy Court, and other parties entitled thereto, and, in coordination with the Company's bankruptcy counsel, to execute amendments, supplemental disclosures, certifications, declarations, authorizations, and other documents required or appropriate in connection with the administration of the Chapter 7 Case;

RESOLVED FURTHER, that the Board hereby confirms that Chris Frantz has access to, and is authorized to review and use, the Company's books, records, financial statements, tax records, banking information, contracts, correspondence, electronically stored information, and other information necessary or appropriate to enable him to fulfill his duties as the Company's designated representative;

RESOLVED FURTHER, that the Board acknowledges and confirms its expectation that Chris Frantz is familiar with, and will continue to make reasonable efforts to become and remain familiar with, the Company's assets, liabilities, financial condition, operations, books and records, and material prepetition transactions so that he may accurately provide information on behalf of the Company and execute documents required in connection with the Chapter 7 Case;

RESOLVED FURTHER, that Chris Frantz may coordinate assistance through the Company's bankruptcy counsel and may cooperate with the chapter 7 trustee, the Office of the United States Trustee, the Bankruptcy Court, and other parties entitled to information to carry out the intent and purposes of the foregoing resolutions;

RESOLVED FURTHER, that after commencement of the Chapter 7 Case, Chris Frantz shall have no authority to operate the Company's business, dispose of property of the bankruptcy estate, settle claims, waive privileges, bind the bankruptcy estate, or direct Company personnel except to the extent authorized by the chapter 7 trustee, the Bankruptcy Court, the Board to the extent it retains authority, or applicable law.

**GENERAL**

RESOLVED, that each action taken by any director, officer, manager, employee, agent, or representative of the Company prior to the date hereof, to the extent that such action was consistent with or in furtherance of the purposes of the foregoing resolutions, be and hereby is ratified, approved, confirmed, and adopted in all respects; provided, that no such ratification, approval, confirmation, or adoption shall appoint, reinstate, treat, or deem Chris Frantz to be an officer, manager, employee, managing agent, or person in control of the Company or expand the limited-purpose authority granted to Chris Frantz under these resolutions;

RESOLVED, that these resolutions be entered into the books and records of the Company; and

RESOLVED, that these resolutions may be executed in any number of counterparts (including by electronic mail, PDF, DocuSign, or facsimile), each counterpart to constitute an original and all counterparts together to constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have duly executed and delivered this Written Consent of the Board of Managers to be effective as of the Effective Date.

BOARD OF MANAGERS:

_Samuel A Pyne_
Sam Pyne

_[signature]_
James Lam

_[signature]_
John Strom

_Tim Butters_
Tim Butters (Jul 2, 2026 10:39:44 EDT)
Tim Butters

_William K. Robertson_

Will Robertson